## James McKee, appellant, *v.* Charles W. Brandon, appellee.

### *Appeal from Will.*

The measure of damages, in an action for a failure to convey land according to covenant, is the value of the land at the time the conveyance was to be made.

In an action of covenant to recover the price stipulated for building a mill dam, which the plaintiff covenanted to fill in with " rock and gravel," in a proper manner, so as to keep the dam safe and tight, the plaintiff, in his declaration, alleged that the defendant directed what " rock and gravel" should be used, and that the same were used, and the dam made as close and tight as it could be made with such materials. The defendant pleaded that he did not designate the materials, and direct them to be put into the dam. Upon this plea issue was taken. Upon the trial, the defendant moved the Court to instruct the jury that said issue was immaterial, and to be disregarded by them, which the Court refused : *Held,* that the refusal was correct.

In an action of covenant, where the declaration alleged an extension of time for the performance of the contract, and issue was taken upon the allegations in the defendant's pleas, that the defendant did not extend the time for the performance of the contract, and that the contract was not performed within the time of extension : *Held,* that under these pleas the defendant admitted that the plaintiff had performed his covenant in all respects, except as to the extending the time of performance.

This was an action of *covenant* commenced in the Will Circuit Court, by Brandon against McKee, upon the following instrument :

" Articles of agreement made and entered into this 24th July, 1834, between Charles W. Brandon, Jr., of the first part, and James McKee, of the second part, witnesseth, &c. Said Brandon, of the first part, engages with said McKee, to build a dam across the Oplain river, where the said McKee has a dam partly made, — he is at liberty to finish out the old dam, or make a new one, which he pleases. The dam is to be built of logs and filled

in with rock and gravel, after the manner it is begun, and to be built as high as will carry the water over the highest part of the dam that is now there, when it is covered with plank. It is to be planked as follows ; when the dam is built to its height, the logs on the top of the dam are to be flattened on the upper side, and logs are to lie across the ties, not more than four feet apart, and flattened on the upper side in like manner ; and the plank are to be pinned on those flattened logs, and to reach from the top of the dam, up the river, to the rock in the bottom of the stream. Said covering of plank, is to have the seams broken by covering with plank or slabs, and to be filled in a proper manner, with rock and gravel, under the plank, and also covered with rock and gravel on the top of the plank, sufficient to keep the dam safe and tight ; and to have the dam finished by the 15th of September next ; and to warrant the whole dam to continue a close and tight dam up to its proper height, for one year after the time it is finished. To all this the said Brandon agrees to do and perform. In consideration of the above engagement by the said Brandon, the said McKee, of the second part, promises to pay the said Brandon, one hundred and fifty dollars, when the work is done, and twelve months thereafter to pay him fifty dollars more with interest, and make to him a general warrantee deed to a piece of land which lines on the north side of section sixteen, in township thirty-five, north, range ten east, and is to run north from said line eight rods, and to lie between Bluff and Broadway streets, as the said streets have been laid off by Jeddiah Woolley. To all this the said McKee engages and binds himself to do, provided the said dam continues a good dam as above described. In witness whereof, we, the parties aforesaid, interchangeably set our hands and seals, each one retaining a copy.

" In presence of ) " C. W. BRANDON, JR. [SEAL.]
   ISRAEL BROWN, }    JAS. McKEE,    [SEAL.]"
   DANIEL CLEMENT. )

The declaration contained five counts, each setting out the articles of agreement in *hæc verba*. The first count alleged performance of the contract on the part of the plaintiff.

The second count alleged that the defendant extended the time for the completion of the dam to the 15th of October, within which time the plaintiff completed it, and contained specific averments of the performance of each item of his part of the agreement; and averred that the dam remained a " good, close, and tight dam up to its proper height, for one year," &c.

The third count averred the extension of time to the 15th of October, and that " during the progress of the building and completing of said dam, and whilst said plaintiff was at work on the same, the said defendant was present, and did direct and designate the

McKee *v.* Brandon.

rock and gravel and other materials which said defendant desired to have used in the building and making of said dam, and did direct the said plaintiff to use the same in the building of said dam." And averred " that he did use the materials so designated by the said defendant, in and about the building and completing of said dam ; and that he did finish and complete said dam by said time so extended, in manner and form, and with the materials specified in said contract, and designated as aforesaid, by said defendant, and that said dam did continue as close and tight a dam as could be made with said materials."

The fourth count set forth the extension of time, as aforesaid, and averred that " from the twenty-fourth day of July, in the year of our Lord one thousand eight hundred and thirty-four, to the fifteenth day of October then next following, the said defendant, in person, did frequently point out to the said plaintiff where to get the materials for the building of said dam, to wit, the rock and gravel, and requested, ordered, and directed the said plaintiff to put into said dam, and to make use of said materials in the building and constructing of said dam, to wit, the rock and gravel which were so pointed out, ordered, and directed by him, the said defendant, as aforesaid ; " and that he fulfilled and performed his contract, [stating the particular acts done,] and " warranted the same to be and continue a close and tight dam up to its proper height, for one year after it was finished ; " and that " he put into the dam the rock and gravel pointed out, ordered, and directed to him" by McKee, the defendant.

The fifth count avers that " in pursuance of the said articles of agreement, he commenced building and constructing said dam, to to wit, on the twenty-fourth day of July, in the year of our Lord one thousand eight hundred and thirty-four, and did work on, build, and construct said dam with such materials, and in the manner mentioned in said articles of agreement, and continued to build and construct said dam, for, and during a long space of time, to wit, until the first day of September, then next following, on which last menoned day, the said defendant, in his own proper person, came to the said plaintiff on the said work and dam, and requested, ordered, and directed the said plaintiff to suspend working on said dam, for a long space of time, to wit, until the fifteenth day of the then present month of September ; and the said plaintiff further saith, that the said defendant did then and there threaten him, said plaintiff, with personal harm and violence, if he, the said plaintiff, did continue to work on said dam, and if he did not leave and suspend working on said dam, as above mentioned ; and that the said defendant then and there enticed away and drove off from said work and dam, the hands and laborers of him, the said plaintiff, and the said plaintiff saith, that the said defendant did then and there say and declare unto him, said plaintiff, that by leaving and suspend-

ing said work, on said dam, as aforesaid, no manner of advantage would or should be taken by him, said defendant, if he, the said plaintiff did not complete and finish said dam by and within the time mentioned in said articles of agreement; and that the time for completing and finishing thereof, should and would be extended by him, said defendant; and the said plaintiff avers that the time for completing and finishing said dam, was then and there extended and deferred for a long space of time, by the special order and direction of the said defendant, to wit, until the fifteenth day of October then next following, within which said extension and time, the said plaintiff did well and truly, according to said articles of agreement, build, construct, and finish the same, and that he did suspend working on said dam as he was ordered and directed by said defendant, and did well and truly perform and fulfil every thing in said articles of agreement and extension of time above mentioned, on his part to be done and performed."

The breach alleged in each count of the declaration was the same, to wit, that the defendant did not pay the money, or make the deed mentioned in the articles of agreement.

The defendant filed fourteen pleas, as follows: The first plea is only to the first count, and alleges non-performance on the part of the plaintiff. The second plea is to the same count, and alleges performance on the part of the defendant. The third plea is to the second count, and alleges a failure to perform the covenant on the part of the plaintiff, within the time of extension. The fourth, to the same count, denies that the time of performance was extended. The fifth is like the fourth, except that it is to the third count. The sixth is to the third count, and alleges that the plaintiff did not designate the materials, and direct them to be put into the dam. The seventh is like the third, except that it is only to the third count. The eighth is like the fourth, except that it is to the fourth count. The ninth, to the fourth count, denies that the plaintiff frequently pointed out the materials, &c. The tenth, to the fourth count, denies that plaintiff performed his contract within the time of extension mentioned in said count. The eleventh, to the fourth count, alleges that the plaintiff did not warrant the dam. The twelfth, to the fifth count, avers that the defendant did not request plaintiff to desist from working, nor did he threaten personal violence to plaintiff, if plaintiff did not desist from working on said dam, nor did he entice or drive away plaintiff's hands. The thirteenth, to the fifth count, denies that the plaintiff extended the time. And the last, to the fifth count, negatives the performance of the contract by the plaintiff, within the time limited in the agreement to extend the time for the completion of the same. The defendant took issue to the country, upon each of these pleas, and the cause was submitted to a jury. A verdict was rendered for the plaintiff, for $908 damages. Judgment was entered on this verdict, and the defendant appealed to this Court.

McKee *v.* Brandon.

The cause was tried at the September term, 1837, of the Will Circuit Court, before the Hon. Jesse B. Thomas.

On the trial of the cause, the following bills of exceptions were taken: "Be it remembered, that on the trial of this cause, the defendant moved the Court to instruct the jury, as follows, viz:

"'The Court will instruct the jury, that (if they should find for plaintiff) the measure of damages, as respects the land covenanted to be conveyed by McKee, is the price of the land agreed on by the parties, at the making of the contract, with legal interest thereon; but in case the parties did not fix the price of the land in making the contract, then the value of the land at the time the contract was made, with legal interest thereon.' But the Court refused to give the instruction, and instructed the jury, that the measure of damages for the non-conveyance of the land in the covenant declared on, was the value of the land at the time it was to be conveyed.

"Defendant moved the Court to give instruction numbered 13, which is as follows: 'That all the issues formed by the affirmation of the plaintiff, and denial of the defendant, in relation to defendant's pointing out and directing the rock and gravel to be put into the dam, are immaterial, and to be disregarded by the jury.' But the Court refused to give said instruction.

"The Court also instructed the jury, that under the issues formed upon the third count of the declaration, the defendant had admitted the plaintiff had performed his covenant in all respects, except as to extending the time of performance, and that the defendant directed what rock, gravel, and other materials, should be put into the dam, and that the dam was as tight and close as the materials so designated, would admit. To the giving of which instructions, the defendant, by his counsel, objected; and to the refusal of the Court to give the instructions as asked, as well as in giving said instructions, the defendant, by his counsel, excepts."

The errors assigned, are as follows:

"First, The Court erred in instructing the jury, that the measure of damages for the non-conveyance of the land in the covenant declared on, was the value of the land at the time it was to have been conveyed.

"Secondly, The Court erred in refusing to instruct the jury "that the measure of damages for the non-conveyance of the land in the covenant mentioned, was the price of the land agreed on by the parties, at the making the contract, with legal interest thereon; but in case the parties did not fix the price of the land, in the contract, then the value of the land at the time the contract was made, with legal interest.

"Thirdly, The Court erred in refusing to instruct the jury, "that all the issues formed by the affirmations of the plaintiff, and denials of the defendant, in relation to defendant's pointing out and direct-

ing the rock and gravel to be put into the dam, were immaterial, and to be disregarded by the jury.

" Fourthly, The Court erred in instructing the jury, that under the issues formed upon the third count, the defendant had admitted the plaintiff had performed his covenants in all respects, except as to extending the time of performance, and that the defendant had directed what rock, gravel, and other materials should be put into the dam, and that the dam was as tight and close as the materials so designated would admit."

Wm. Thomas, for the appellant.

T. Ford and Giles Spring, for the appellee.

Smith, Justice, delivered the opinion of the Court :

We are of opinion that the judgment in this case should be affirmed. We do not perceive any error in the instructions given by the Circuit Court.

The rule was correctly laid down, that the measure of damages, for the non-conveyance of the land, was the value of the land at the time it was to be conveyed.

The instructions that were refused to be given, in reference to the defendant's pointing out and directing the rock and gravel to be put into the dam, and that the same was immaterial, were correctly withheld.

The instructions that were given, on the evidence adduced, under the issues formed upon the third count of the declaration, were proper, and no objection is perceived as to their accuracy.

The judgment is affirmed with costs.

*Judgment affirmed.*